William Lyman, J.
The defendant, through newly retained counsel, moves, pursuant to subdivision 6 of section 465 of the Code of Criminal Procedure to set aside the jury verdict of June 9, 1958, convicting him of assault, second degree, robbery, first degree, grand larceny, second degree, and assault, second degree, as alleged in the third, fifth, sixth and seventh counts of the indictment. It is claimed that the verdict is against the weight of the trial evidence.
The counts of conviction in the indictment were alleged in substance as follows: Third count, assault, second degree — the said defendant, acting in concert with three others and six juveniles on March 24, 1958, with intent to commit the crime of robbery, feloniously did assault one Arthur Santos.
Fifth count, robbery, first degree — the said defendant, act-' ing in concert with three others and six juveniles on March 24, 1958, in the daytime, unlawfully did take certain personal property owned by one Robert Perez, to wit, a pen-and-pencil set valued at $3.50, from the person of the said Robert Perez, by means of force and violence and fear of immediate injury to his person, being then and there aided by accomplices actually present.
Sixth count, grand larceny, second degree — the said defendant, acting in concert with three others and six juveniles, in the daytime of the said day and year, stole and appropriated the property to which reference is already made with intent to deprive the owner of the said property.
Seventh count, assault second degree — the said defendant acting in concert with three others and six juveniles, with intent to commit the crime of robbery, feloniously did assault the said Robert Perez. (The crimes charged in the foregoing counts arose from an incident in Crotona Park wherein a school teacher, Arthur Santos, while supervising a group of his pupils was attacked after his pupils were lined up, searched and robbed.)
In urging the vacatur of the jury verdict and the granting of a new trial, 'the moving papers contend that the complainant Santos failed to identify the defendant Kenneth Swanston as having assaulted him; that the admissions of this defendant that *836 he had struck Santos were later denied by him; that the identification of Kenneth Swanston .as being at the scene of the incident by one Wilfredo Del Rio, a 13-year-old school boy, was made from the rear while Swanston was allegedly running away, and from a point 100 yards distant; that there is no credible evidence sufficient to justify a conviction for the crimes relating to the complainant Santos.
With reference to the crimes of conviction affecting the complainant Robert Perez (one of the students), it is claimed that despite the identification of Kenneth Swanston by Perez as having approached him asking a quarter, and then taking the pen and pencil in question, and the further admission of Clarence Swanston (one of the accused juveniles) placing his brother Kenneth at the scene, it is nevertheless urged that the trial evidence was insufficient to warrant' a conviction; that the testimony of another of the juveniles involved (Harold Simmons) implicating Kenneth as a participant in the crimes is dubious and unworthy of belief in view of his age and incapability of understanding the questions put to him by the prosecutor; that the admission of Clarence Swanston relating to the presence of Kenneth at the scene referred to his presence at Crotona Park watching a basket ball game previous to the incident herein; that the testimony of some of the juveniles involved implicating Kenneth was contradictory and that of scared little boys, since others at the scene did not place Kenneth in the park at the time of the occurrence of the crimes herein.
Reviewing in part the copious trial record, the following is disclosed as connecting Kenneth Swanston with .concerted action as one of the perpetrators in the assault of Arthur Santos, the school teacher who had brought a group of his pupils to Crotona Park for recreation: One Wilfredo Del Rio, a 13-year-old school boy, testified that he saw Kenneth Swanston with a knife; that Kenneth was present when Santos was attacked, that Kenneth had the knife at that time and that he was in the group that had Santos surrounded. Detective Arthur Reynold's testified that when arrested Kenneth admitted to him that he had struck Santos. (In court, Kenneth conceded this admission but denied that it was true.)
The testimony of one Harold Simmons (a friend of Kenneth and one of the arrested juveniles) established the following colloquy: “ Q. What were they doing? A. Helping. Q. Helping what? A. Some of them was kicking the teacher. Q. While he was on the ground? A. Yes. Q. What else were they doing? A. They were kicking, then a number ran, then everybody ran, *837 we all ran. Q. "Who rant A. All of us. Q. "Who? Name them. You ran. A. Yes. Q. Did Clarence run? A. Yes. Q. Did Kenneth run? A. Yes. Q. Did Dowling run? A. Yes. Q. Did Curtis run? A. Yes. Q. Did Boone run? A. Yes. Q. They had been there when the teacher was being kicked and hit with the bat? A. Yes ”. (The Clarence referred to was Clarence Swanston, a brother of Kenneth arrested as a juvenile delinquent, while Dowling, Curtis and Boone were codefendants on the indictment herein.)
As to the trial evidence relating to the complainant Robert Perez, his testimony was to the effect that Kenneth Swanston approached him and asked for a quarter, and when told that he only had a dime said “ lend it to me,” and then took two pens and a pencil from him while brandishing a knife. Three other witnesses corroborated the testimony of Perez, one (Ortiz) stating that he saw Kenneth search Perez, that he" heard Kenneth ask Perez for a quarter and that Kenneth took a dime from him. Another (Santiago) testified that Kenneth had a knife and took money and pens from Perez; while the third witness (Alvares) swore that Kenneth was with the group that searched the students, and that he had a knife with him at the time.
Summarizing, the over-all trial proof establishes ample support for the sustainment of the verdict of guilt herein and there is no legal warrant for this court to disturb the findings of the trial jury. The motion to set aside such verdict is therefore in all respects denied.